### C. J. PIRTLE v. THE STATE.

No. 8255.   Decided March 12, 1924.

Rehearing denied May 21, 1924.

1.—Transporting Intoxicating Liquor—Charge of Court—Accomplice Testimony.

Where, upon trial of unlawfully transporting intoxicating liquor, the court properly charged on accomplice testimony, the conviction is sustained.

2.—Same—Rehearing—Purchaser—Accomplice—Corroboration—Seller.

Where there was no corroboration of the State's witness as to the sale, and the learned trial judge realized that if defendant's version of the matter was proved the alleged purchaser was in fact criminally connected with the seller and therefore an accomplice and the State's case must fail without corroboration, there was no error in telling the jury that if they found that said State's witness was an accomplice they must acquit.

Appeal from the District Court of Jones.   Tried below before the Honorable W. R. Chapman.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lon A. Brooks,* for appellant.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

The State witness Duncan, a resident of the town of Stamford, in Jones County, was engaged in the mercantile business.   According to his testimony he, on the 15th day of March, purchased from the appellant a quart of corn whisky and paid therefor the sum of five dollars.

Appellant's testimony was in substance this:   He had agreed to furnish the witness Duncan with five or ten gallons of whisky at

a time, once a month, so that he might supply a "bunch" of friends. According to the agreement between them, appellant was to receive eight dollars per gallon and Duncan was to sell it for sixteen dollars per gallon and then deliver to appellant one-half of the profit. Under this contract, appellant, according to his testimony, had made three trips to Duncan's store and delivered a total of six gallons of whisky, and Duncan had complied with the terms of the agreement, namely, to pay eight dollars per gallon on delivery and four dollars' profit after the sales took place. Appellant denied the sale of the quart of wihsky for five dollars, and Duncan denied the transaction or agreement as detailed by the appellant.

. The only question raised upon this appeal is the complaint of the refusal of the court to charge the jury upon the law of accomplice testimony as applied to the witness Duncan. The court did charge the jury thus:

"If you believe from the evidence that the defendant and J. E. Duncan, about the first week in February, 1923, entered into an agreement by which the defendant was to furnish whisky to J. E. Duncan, and that J. E. Duncan was to dispose of said whisky and that defendant and J. E. Duncan would divide profits, then you are charged that if such agreement was entered into, then the testimony of J. E. Duncan as to the delivery of any whisky to him by the defendant under such agreement, if any, would be accomplice testimony, and in this connection, you are charged that if the defendant delivered whisky to J. E. Duncan but same was delivered to him, only under said agreement, if any, you will acquit the defendant."

This paragraph is deemed adequate to protect the interests of the appellant.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 21, 1924.

HAWKINS, JUDGE.—It is insisted that the charge quoted in the original opinion did not suffice for the customary charge on accomplice testimony. The alleged purchaser, (the only state's witness) denied any such agreement relative to whisky as was testified to by appellant. There was no corroboration of the state's witness as to the sale. The learned trial judge realized that if appellant's version of the matter was true the alleged purchaser was in fact criminally connected with the seller and therefore an accomplice witness, and there being no corroboration the state's case must fall. This is precisely what he told the jury. When the record is devoid of corroborating evidence why tell the jury there must be corroboration be-

fore conviction could be had. Why not tell them if they find the only state's witness to be an accomplice they must acquit?

The motion for rehearing is overruled.

*Overruled.*